# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES DEPARTMENT
OF LABOR,

      Plaintiff,

      v.

CONFIDENTIAL SERVICES,
INC., et al.,

      Defendants.

Civil Action 2:15-cv-2648
Judge Michael H. Watson
Magistrate Judge Jolson

## ORDER

This matter came before the Court for a hearing on October 30, 2017, regarding, *inter alia*, Defendants' Motion to Quash Plaintiff's Subpoena to Paychex, Inc. (Doc. 54). While the parties dispute various issues regarding the subpoena, including whether Defendants have standing or whether the documents sought are relevant, the Court need not reach those issues. Instead, the resolution is actually much simpler.

In a July 17, 2017 Scheduling Order, the undersigned ordered written discovery to close on August 14, 2017. (Doc. 39). It is well settled that it was within the undersigned's discretion to set such a date, for "a trial court has broad discretion to control discovery in a case, including discovery deadlines." *Noble v. Ruby Tuesdays Rests., Inc.*, No. CIV.A. 2:06-CV-259, 2007 WL 3125131, at *4 (S.D. Ohio Oct. 23, 2007). Further, Rule 16(b) of the Federal Rules of Civil Procedure "requires the Court, in each civil action not exempt from that rule, to issue a scheduling order that, *inter alia,* limits the time to complete discovery." *Dominion Transmission, Inc. v. Detweiler*, No. 2:11-CV-836, 2013 WL 941314, at *2 (S.D. Ohio Mar. 11,

2013) (citing Fed. R. Civ. P. 16(b)).  While a scheduling order may be modified, it is done so only upon a showing of "good cause *and* with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).

Here, despite the August 14, 2017 deadline for written discovery, Plaintiff issued a subpoena on Paychex, Inc. ("Paychex"), on September 21, 2017.  (Doc. 54-3).  Plaintiff was previously told by the Court that if it needed more time for additional discovery issues, it could "file a motion for extension setting forth good cause."  (Doc. 41).  No such motion was filed.  Thus, without good cause to amend the scheduling order, it is inappropriate for Plaintiff to conduct written discovery more than a month after written discovery closed.

For the above reasons, Defendants' Motion To Quash Plaintiff's Subpoena to Paychex (Doc. 54) is **GRANTED**.  Defendants also argue that "[b]ecause the DOL subpoena is in clear violation of this Court's Orders, [Defendants] should be awarded its attorney's fees for all work related to the subpoena and this motion."  (Doc. 54 at 6).  While the Court has the "inherent authority to impose sanctions on a party and attorney for bad faith conduct during the course of litigation," it does not believe the conduct at issue amounted to bad faith.  *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997) (holding that "[b]efore any such sanction may issue, the trial court must find that the conduct at issue 'consti tuted or was tantamount to bad faith.'"); *see also Ray A. Scharer & Co. v. Plabell Rubber Prod., Inc.*, 858 F.2d 317, 322 (6th Cir. 1988) (holding that a 'mistake' does not meet the requirements for sanctions).  Consequently, no attorney's fees will be awarded as it relates to the Motion to Quash.

Finally, for the reasons discussed during the hearing, it is hereby **ORDERED** that Document 57, Plaintiff's Response in Opposition to Defendants' Motion to Quash, be placed under seal.

IT IS SO ORDERED.


Date:  October 31, 2017                           /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE